IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00711 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA POLYTECHNIC | ) | By:   Hon. Thomas T. Cullen |
| INSTITUTE AND STATE | ) |         United States District Judge |
| UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Doe brings this suit alleging that Defendants Virginia Polytechnic Institute and State University (Virginia Tech), Timothy Sands, Alexey Onufriev, and Tamara Cherry-Clarke denied him Due Process rights under the Fourteenth Amendment and violated Title IX, 20 U.S.C. § 1681, when the Virginia Tech student conduct office found him responsible for committing sexual assault and dismissed him as a student. Defendants now move for dismissal under Federal Rules of Civil Procedure 12(b)(5) and 10(a). They argue that Doe failed to timely serve defendants under Rule 4(m) because he did not serve Defendants Sands and Virginia Tech until 120 days after he filed suit and did not serve Defendants Onufriev and Cherry-Clarke until 140 days after he filed suit. They also argue that he is improperly proceeding under a pseudonym according to Rule 10(a). The court agrees with Defendants and will dismiss Doe's claims without prejudice.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve each defendant within 90 days of filing the complaint. If the plaintiff fails to do so, the court "must dismiss the action without prejudice" unless "the plaintiff shows good cause for the failure." Fed. R.

Civ. P. 4(m). Rule 4(m) is generally read in concert with Rule 6(b), which allows an extension of time for service if the plaintiff can show "excusable neglect." Fed. R. Civ. P. 6(b). In evaluating excusable neglect, the court examines the danger of prejudice to the parties, the length of the delay and, most importantly, the reason for the untimeliness. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392–95 (1993); *McLean v. Broadfoot*, No. 4:10cv19, 2011 U.S. Dist. LEXIS 51458, at *24 (W.D. Va. May 13, 2011).

There is no excusable neglect in this case. Plaintiff represents to the court that he was "unable" to effect service within 90 days of filing his complaint, but the docket shows that he did not even file proposed summonses until March 25, 2021, 120 days after he filed his complaint. Plaintiff's sole explanation for his extensive delay in serving the defendants is that the COVID-19 pandemic made effecting service difficult. This is wholly insufficient. The federal courts have maintained full dockets during the pandemic and diligent parties have had no difficulty effecting proper service throughout. In fact, Plaintiff was able to serve at least two of the Defendants the very same day the court issued the requested summonses. (*See* ECF Nos. 3, 4, & 5.) And even if Plaintiff's explanation consisted of more than hand-waving at the COVID-19 virus, his failure to request summons until 120 days after filing his suit is in no way excused by the pandemic. Accordingly, Plaintiff's claims against all Defendants will be dismissed without prejudice for failure to timely serve any defendant.

Even if Plaintiff had properly served all Defendants, his claim would be dismissed because he has improperly proceeded under a pseudonym. Federal Rule of Civil Procedure 10(a) states that pleadings must "name all the parties." Fed. R. Civ. P. 10(a). Courts have interpreted this as a general prohibition on pseudonymous litigation and, consequently, such

litigation is strongly disfavored by the federal courts. *See James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 727–28 (W.D. Va. 2012). Plaintiffs are generally only allowed to proceed under a pseudonym in "exceptional circumstances," *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014), and with leave of the court. In evaluating whether to allow a plaintiff to proceed under a pseudonym, the court considers, among other things,

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238. Here, Doe did not seek the leave of the court to proceed pseudonymously until after defendants moved to dismiss his suit for improperly proceeding under a pseudonym. The motion he did file is insufficient, providing less than a page of unsupported assertions about why the *James* factors weigh in his favor. Because his complaint will be dismissed under Fed. R. Civ. P. 4(m), however, the court need not examine his argument further at this time.

Because plaintiff failed to timely serve any defendant, the court will dismiss all of his claims without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

- 4 -

**ENTERED** this 27th day of May, 2021.

>                     */s/ Thomas T. Cullen*
>                     HON. THOMAS T. CULLEN
>                     UNITED STATES DISTRICT JUDGE